UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES H. MOSBY, JR., )
    PLAINTIFF )
    )
Vs. )
    )
MASSACHUSETTS WATER )
RESOURCES AUTHORITY, )
    DEFENDANT )

05 - 11143 MLW

MAGISTRATE JUDGE RBC

**COMPLAINT AND
CLAIM FOR JURY TRIAL**

**PREAMBLE**

This is an action for damages and other relief arising out of the employment of Plaintiff Charles H. Mosby, Jr. by Defendant Massachusetts Water Resources Authority. The claims include age and race discrimination, and differences in the terms, conditions, and privileges of employment based on his race and color.

**JURISDICTION**

1. This Court has jurisdiction over this matter based upon 28 U.S.C. §1331 to adjudicate claims arising from federal law, and upon (Title VII) 42 U.S.C. §2000e, et. seq., and 29 U.S.C. §621 et seq. to adjudicate discrimination claims, pursuant to the Civil Rights Act of 1871, 42 U.S.C. §1981 et seq., and supplemental jurisdiction pursuant to 28 U.S.C. §1367 for the M.G.L.A. Ch. 151B §1 et seq. claims.

## PARTIES

2. Charles H. Mosby, Jr. ("Plaintiff") is an individual and a resident of Boston, Suffolk County, Massachusetts.

3. Massachusetts Water Resources Authority ("Defendant" or "MWRA") is a body politic, a corporation and public instrumentality which is an independent public authority organized and created by the laws of Massachusetts with its principal place of business at the Charlestown Navy Yard, 100 First Street, Boston, County of Suffolk, Massachusetts. At all times herein pertinent said Authority operated through its agents, servants, and employees.

## FACTS

4. The plaintiff was and is employed as an Area Maintenance Manager by the defendant at its Deer Island facility.

5. The plaintiff is a black, African-American whose date of birth is November 30, 1927 and falls within the various protected classes for purposes of claims for employment discrimination.

6. The plaintiff has been employed by the MWRA since July 1994 as an Area Manager, fulfilling all reasonable expectations of his employment.

7. On or about December 19, 2000, the defendant through its agents, servants, and employees posted a Job Vacancy Announcement for the position of Maintenance Manager at its Deer Island facility, a position superior to that of Area Manager.

8. In response to the above-mentioned Posting, the plaintiff submitted his application and resume, meeting all announced requirements for the position.

9. On information and belief, upon receipt of the plaintiff's application, the defendant changed the requirements for the position in an attempt to exclude the plaintiff. The new requirements were deliberately and discriminatorily tailored to exclude the plaintiff. The defendant included requirements that were totally unrelated and unnecessary to the position.

10. That subsequent to his application and the change of the job requirements, the plaintiff was not given an interview for the position but was screened out by a Human Resources Manager on the basis of his application and resume alone.

11. On or about the end of March or early April 2000, the defendant announced that the position had been given to another candidate who was a male Caucasian believed to have been under 40 years of age. The plaintiff was as qualified or more qualified than the candidate selected. The selection of the candidate was, in part, based upon criteria not previously published and unknown to the plaintiff.

12. Upon inquiry by the plaintiff, the defendant offered a pretextural reason for his non-interview and non-selection all in an attempt to conceal the real discriminatory reason of age and race discrimination. The defendant retaliated once the plaintiff complained about his discriminatory treatment.

**CLAIMS FOR RELIEF**

13. Plaintiff hereby realleges the allegations set forth in paragraphs 1 through 12 above, and incorporates them as if fully set forth herein.

14. Plaintiff has timely satisfied all prerequisites to lawsuit pursuant to age and racial discrimination and received his 90-day Permission to Sue Letter from the EEOC on or about March 8, 2005.

15. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment by altering the requirements for promotion, selecting on the basis of unpublished qualifications, retaliating against the plaintiff once he complained of the defendant's conduct, and excluding the plaintiff on the basis of age and race.

16. By the conduct described above, the defendant discriminated against the plaintiff because of his race, color and/or ethnicity in violation of Title VII of the Civil Rights Act of 1964 (Title VII) 42 U.S.C. S 2000., et seq., as amended by the Civil Rights Act of 1991 and M.G.L.A. Ch. 151B §1 et seq.

17. By the conduct described above, the defendant discriminated against the plaintiff on the basis of his age in violation of 29 U.S.C. §622 et seq. (Age Discrimination in Employment Act (ADEA) and M.G.L.A. Ch. 151B §1 et seq.).

18. By the conduct described above, the defendant retaliated against the plaintiff because of his complaints of discrimination and/or his opposition to what he reasonably believed were

discriminatory practices, in violation of Title VII, 42 U.S.C. §2000e, et seq. and M.G.L.A. Ch. 151B §1 et seq.

19. The defendant's actions as described above were intentional and were engaged in with malice or with reckless indifference to the federally and state protected rights of the plaintiff.

20. As a result of the foregoing, the plaintiff has suffered and continues to suffer, a loss of employment, lost compensation, seniority and fringe benefits, and other rights, privileges, and conditions of employment, an interruption of his career and consequent loss of employment opportunities, pain and suffering, anxiety, humiliation and shame and other emotional distress.

21. By the conduct described above, the defendant has engaged in a continuing course of discrimination against the plaintiff on the basis of his race and color, and deprived the plaintiff of his contractual and equal rights, and further deprived the plaintiff of benefits as enjoyed by white persons, in violation of 42 U.S.C. §1981, as amended.

22. On information and belief the stated reason for the defendant's conduct are pretextual, and the plaintiff's race, color and/or ethnicity, and age was a motivating factor.

WHEREFORE the Plaintiff demands judgment against the Defendant for damages including, but not limited to:

(1) Compensatory damages for loss of income and non-pecuniary losses;

(2) Punitive damages;

(3) Damages for emotional distress;

(4) Exemplary damages;

(5) Attorneys' fees, costs, and such other relief to which he is entitled and as this Court deems just and proper; and

(6) All other damages provided for by the within named statutes.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.

Plaintiff,
By His Attorneys,
Keane, Klein & Duffey

6/2/05

James P. Keane BBO#262800
Alice J. Klein BBO#274600
One Church Court
Boston MA 02129
(617) 242-8383
E-mail address:
Keaneklein@aol.com

6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __CHARLES H. MOSBY JR. VS. MASSACHUSETTS WATER RESOURCES AUTHORITY__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓  II.  195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
           740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   ___ IV.  220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   ___ V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   __N/A__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

   YES ☐   NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?

      Eastern Division ☒      Central Division ☐      Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

      Eastern Division ☐      Central Division ☐      Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __JAMES P. KEANE__
ADDRESS __1 CHURCH COURT, BOSTON, MA. 02129__
TELEPHONE NO. __(617) 242-8383__

(CategoryForm.wpd -5/2/05)

⹁JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
CHARLES H. MOSBY, JR

**DEFENDANTS** MASSACHUSETTS WATER RESOURCES AUTHORITY

(b) County of Residence of First Listed Plaintiff  SUFFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SUFFOLK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
JAMES P. KEANE / DUFFEY
KEANE, KLEIN & DUFFEY
1 CHURCH CT. BOSTON, MA 02135
(617) 542-8583

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question (U.S. Government Not a Party)
☐ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
TITLE VII, 42 USC §2000e, 29 USC §621, 42 USC §1981
Brief description of cause:
EMPLOYMENT DISCRIMINATION

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 500,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**  N/A
(See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE 6/2/05
SIGNATURE OF ATTORNEY OF RECORD  James P. Keane

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____