UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES H. MOSBY, JR.<br>Plaintiff, | ) ) ) | C.A. No. 05 11143 MLW |
| v. | ) ) ) | |
| MASSACHUSETTS WATER<br>RESOURCES AUTHORITY,<br>Defendant. | ) ) ) ) | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN PART PURSUANT TO FED. R. CIV. P. 12(b)(6), OR IN THE ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT

The Defendant Massachusetts Water Resources Authority ("MWRA") submits this Memorandum of Law in support of its Motion to Dismiss Plaintiff's Complaint In Part Pursuant To Fed. R. Civ. P. 12(b)(6), or in the Alternative, For Partial Summary Judgment, filed herewith.

### I.    INTRODUCTION

On June 2, 2005, Charles H. Mosby, Jr., an employee of MWRA[1] since 1994 ("Mosby"), filed a Complaint against MWRA based on his failure to receive a promotional position at the MWRA in 2001. He is asserting the following claims: (1) race/color discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. as amended by the Civil Rights Act of 1991 ("Title VII") and

---

[1] MWRA is an independent public authority established by Chapter 372 of the Acts of 1984 and is responsible, among other things, for the provision of wholesale water and sewer services to communities in the Metropolitan Boston area.

Massachusetts General Laws chapter 151B ("G.L. c. 151B"); (2) age discrimination and retaliation under G.L. c. 151B and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621 et seq.; (3) violation of the Civil Rights Act of 1871, 42 U.S.C.§1981 et seq. ("§1981"); and (4) damages for intentional infliction of emotional distress.

In this Motion, MWRA seeks: (1) dismissal of all claims arising under G.L. c. 151B; (2) dismissal of all claims under 42 U.S.C. § 1981; and (3) dismissal of all claims for damages for emotional distress to the extent that Mosby is asserting a cause of action under state law for intentional infliction of emotional distress.

The basis for the Motion to Dismiss is that the claims asserted under G.L. c. 151B for race/color and age discrimination and retaliation are time-barred by the statute of limitations. Mosby became aware of the alleged discriminatory acts by MWRA in late March or early April 2001[2] and: (1) did not file his administrative claim with MCAD until November 5, 2001, within six months from the date of the alleged discriminatory acts, as provided by G.L. c. 151B §5[3]; (2) failed to remove his administrative claim to court for *de novo* review between 90 days after he filed his administrative complaint, but

_____

[2] Mosby's complaint states, "[o] n or about March or early April 2000, the defendant announced that the position had been given to another candidate..." (¶ 11 of the Complaint). Hence, Mr. Mosby is indicating his awareness of what he claims is a discriminatory act, the basis for his complaint. The MWRA believes that this statement referring to the date, is in error and that Mosby became aware that another person was chosen in March or April *2001*. For purposes of its Motion, MWRA will assume the date of April, 2001 is correct. Regardless of whether Mosby learned that he did not receive the position in 2000 or 2001, his claims under G.L. c. 151B and 42 U.S.C. §1981 are time-barred.

[3] On August 7, 2002, effective November 5, 2002, the Massachusetts legislature amended G.L. c. 151B §5 to extend the statutory time limit for filing a claim from six months to 300 days. *See* Chapter 233 of the Acts of 2002. Mosby's MCAD complaint was filed on or about November 5, 2001 and was subject to the six month statute of limitations.

no later than three years after the discriminatory acts pursuant to G.L. c.151B §9; and (3) failed to file a civil action for judicial review within 30 days of MCAD's adverse decision on or about December 22, 2003, pursuant to G.L. c. 151B §6.

The state claims asserted under G.L. c. 151B are time-barred. Further, Mosby's claims under §1981 are time-barred because he was required to bring an action within three years from the date of the alleged discriminatory acts pursuant to G.L. c. 151B §9, or within four years under 28 U.S.C §1658. Finally, to the extent that Mosby is asserting a state law based claim for intentional infliction of emotional distress, those claims are pre-empted by the Massachusetts Worker's Compensation Act, c. 152 et seq.

For the reasons set forth below, the foregoing claims should be dismissed. Alternatively, the Court should enter summary judgment in favor of MWRA on these claims.

## II.   FACTUAL BACKGROUND

Mosby, an MWRA employee since July 11, 1994, alleges in his complaint that he applied for a promotional position of Maintenance Manager and that "[o] n or about March or early April 2000 [sic][4], the defendant announced that the position had been given to another candidate who was a male Caucasian believed to have been under 40 years of age." (¶11 of Complaint).

On or about November 5, 2001, Mosby filed a charge with the Massachusetts Commission Against Discrimination ("MCAD") alleging discrimination on account of age and race/color in violation of G.L. c. 151B based on the denial of the promotion and

---

[4] See footnote 2, *supra.*

3

receipt of an unacceptable performance review by the Deputy Director, Maintenance, Gerard Gallinaro. (see MCAD Complaint, attached as Exhibit 1 to Affidavit of Bonnie Gillespie-Perry, [the "Gillespie-Perry Affidavit"] filed herewith).

On or about February 10, 2003, the MCAD issued a Dismissal and Notification of Rights (the "MCAD Dismissal," a copy of which is attached as Exhibit 2 to the Gillespie-Perry Affidavit), holding that Mosby's complaint regarding both MWRA's failure to promote and his performance evaluation were untimely because he did not file his complaint within six months of the alleged discriminatory conduct, i.e., no later than March/early April 2001.  Mosby appealed the MCAD Dismissal to the MCAD and the MCAD affirmed its decision on or about December 22, 2003, (the "MCAD Final Decision", a copy of which is attached as Exhibit 3 to the Gillespie-Perry Affidavit). Mosby did not file a civil action seeking judicial review of the MCAD's Final Decision within 30 days after December 22, 2003, as provided by G.L. c. 151B §6.

On June 2, 2005, almost 1½ years after the MCAD Final Decision, and more than four years after becoming aware of the alleged discriminatory conduct, Mosby filed suit in this Court alleging race/color discrimination, age discrimination, retaliation and intentional infliction of emotional distress.

### III.    ARGUMENT

#### A.    The Plaintiff's Claims Made Pursuant To G.L. c. 151B Must Be Dismissed Because They Are Time-Barred

At the time that Mosby filed his charge at the MCAD on November 5, 2001, an individual was required to file charges of discrimination with the MCAD within six

months of the alleged discriminatory acts.[5]  G.L. 151B §5 as then in effect stated in pertinent part: "Any complaint filed pursuant to this section must be filed within six months after the alleged act of discrimination."

In his complaint, Mosby states that he became aware that the position for which he applied had been foreclosed to him when "[o] n or about March or early April 2000 [sic][6], the defendant announced that the position had been given to another candidate who was a male Caucasian believed to have been under 40 years of age." (¶11 of Complaint).  Despite the fact that Mosby was aware of the MWRA's actions no later than late March or early April 2001, Mosby did not file his charge at the MCAD until November 5, 2001.  In the February 10, 2003 Notice of Dismissal, the MCAD held that Mosby's complaint was time-barred because he filed his complaint more than six months after the alleged discriminatory act.  Mosby appealed and in its December 22, 2003 Final Decision, the MCAD affirmed its decision.

Initially after Mosby filed his claims at the MCAD, he had two choices: he could remain at the MCAD awaiting an administrative determination on his claim, or he could remove his claim to court prior to final determination by MCAD.

G.L. 151B § 9, states, in part:

> Any person, claiming to be aggrieved by a practice made
> unlawful under this chapter… or by any other unlawful
> practice within the jurisdiction of the commission, may at
> the expiration of ninety days after the filing of the complaint
> with the commission, or sooner if a commissioner assents in
> writing, *but not later than three years after the alleged unlawful*

---

[5] See footnote 3, *supra*.

[6] See footnote 2, *supra*.

5

> *practice occurred*, bring a civil action for damages or
> injunctive relief or both in the superior court or probate
> court...within whose district the unlawful practice occurred.
> (Emphasis added).

Mosby did not initiate a civil action within the time limits set forth in G.L. 151B §9;

rather he chose to await an administrative decision by the MCAD.

Once MCAD issued its Final Decision on December 22, 2003, Mosby had a right

to seek judicial review of that decision pursuant to G.L. c. 151B §6.

G.L. c. 151B §6 states, in pertinent part:

> Any complainant, respondent or other person aggrieved by
> such order of the commission may obtain judicial review
> thereof...Such proceeding shall be brought in the superior
> court of the commonwealth...Such proceeding shall be initiated
> by the filing of a petition in such court... The jurisdiction of
> the superior court shall be exclusive and its final order...shall
> be subject to review by the supreme judicial court...A proceeding
> under this section when instituted by any complainant...*must
> be instituted within thirty days after the service of the order of the commission.*
> (Emphasis added).

Although Mosby could have filed a civil action for judicial review within 30 days

of the MCAD's Final Decision of December 22, 2003, as set forth in G.L. c. 151B §6, he

failed to do so.

It is well established that "...151B did not provide an employee with an option to

proceed with a de novo hearing under §9 *after a final decision of the MCAD...*" and that

'[b] y providing for judicial review of MCAD decisions, and by foreclosing agency

action once a party has sought a judicial remedy pursuant to §9, the Legislature

signaled its intent that the parties would be bound by an MCAD decision, subject only

to judicial review.'" (Emphasis added).   <u>Charlan v. Muzi Motors,</u> 417 Mass. 580, 583-

584, citing its decision in <u>Brunson v. Wall</u>, 405 Mass. 446, 452. *See* <u>Mouradian v. General Electric Co.</u>, 23 Mass. App. Ct. 538 (1987).

The court in <u>Muzi</u> further stated that, "...a person claiming discrimination ' may maintain a civil action only if she has previously filed a timely complaint with the [MCAD] and ninety (90) days have passed...Resort to the courts is not available for a complaint of discrimination within the jurisdiction of the MCAD unless the person claiming to have been the object of unlawful discrimination first makes a timely complaint to that agency.'" [7] <u>Muzi Motors</u>, *supra*, 417 Mass. 580, 583-584 (citations omitted).

The District Court in Massachusetts has affirmed this position, holding that a plaintiff cannot bring an action for unlawful discrimination unless a complaint of discrimination has been timely filed with the MCAD within six months of the occurrence of the claimed discrimination. <u>Desando v. Lucent Technologies</u>, 193 F. Supp. 2d. 358 (D. Mass. 2002). <u>Flynn v. New England Telephone Co.</u>, 615 F. Supp. 1205 (D. Mass. 1985).

In <u>Flynn</u>, *supra*, the question before the court was whether despite the plaintiff's failure to file a charge with the MCAD in a timely manner, he could file a civil action pursuant to G.L. c. 151B, §9. The court held that "...once the MCAD makes a final decision, relief under §9 is ...foreclosed..." and the only alternative is to file for judicial review of the administrative decision within thirty days of the decision pursuant to

---

[7] Even if Mosby had filed a civil action prior to the Final Decision by the MCAD, his G.L. c. 151B claim would nonetheless have failed in court because his claim was not filed with the MCAD within six months of the discriminatory act, as required by G.L. c. 151B §5, as then in effect.

M.G.L. c. 151B §6." (citing, <u>Carter v. Supermarkets General, Corp.</u>, 684 F. 2d. 187,191 (1982))

In conclusion, Mosby failed to make a timely complaint to the MCAD within six months from the alleged discriminatory act as required by G.L. c. 151B §5; he failed to remove his pending action prior to the Final Decision by the MCAD within 90 days after filing his complaint and no later than three years from the alleged discriminatory acts as required by G.L. c. 151B §9; and, finally, he failed to file an action for judicial review within 30 days of the MCAD's Final Decision pursuant to G.L. c. 151B §6. Therefore, plaintiff's claims asserted under G.L. c. 151B are time-barred; plaintiff fails to state claims upon which relief can be granted; and the claims should be dismissed as a matter of law.

B.    The Plaintiff's Claims Asserted Under 42 U.S.C § 1981
       <u>Must Be Dismissed Because They Are Untimely</u>

Mosby alleges in his complaint that MWRA discriminated against him by depriving him of his contractual and equal rights in violation of 42 U.S.C. §1981 when it failed to promote him. Mosby's claim under §1981 is not timely. Mosby became aware of the fact that another employee was the successful candidate when "...on or about March or early April 2000 [sic][8], the defendant announced that the position had been given to another candidate who was a male Caucasian believed to have been under 40 years of age" (¶11 of Complaint), yet he did not file suit in this court until June 2, 2005 after more than four years had elapsed. Mosby's §1981 claims are time-barred under

---

[8] See footnote 2 *supra*.

two applicable statute of limitations, G.L. c. 151B, §9, (three years) and 28 U.S.C. §1658 (four years).

Although the Civil Rights Acts, including 42 U.S.C. § 1981, were enacted without statute of limitations provisions, the Courts have held that, "...the controlling period would ordinarily be the most appropriate one provided by state law. Johnson v. Railway Express, 421 U.S. 454 (1975); Burnett v. Grattan, 468 U.S. 42 (1984); Hester v. City of Lawrence, 602 F. Supp. 1420 (D. Mass. 1985).

In reviewing Massachusetts state statutes of limitations, the Court in Hester, *supra,* analyzed the limitations period set forth in G.L. c. 151B, §9 (currently three years) and determined that it was the most appropriate to apply in a §1981 discrimination suit "...because 'where...the state has provided a specific remedy, complete with the statute of limitations for racial discrimination in...employment, including promotion, actions under the Federal Civil Rights Acts alleging racial discrimination...must be governed by that statute of limitation.'"(citations omitted). 602 F. Supp. 1420, 1422. In concluding that the statute of limitations contained in G.L. c. 151B §9 was most appropriate, the court specifically rejected application of the Massachusetts tort and contract statutes of limitations to civil rights actions, including §1981. Id.[9]

More recently, the District Court in Massachusetts applied the statute of limitations contained in G.L. c. 151B §9 to §1981 civil rights claims and dismissed them as time-barred because the civil action was filed more than three years from the date of

---

[9] At the time of the decision in Hester, *supra,* the statute of limitations contained in G.L. c. 151B § 9 was 2 years and was subsequently increased to 3 years where it currently stands.

9

the alleged acts of discrimination.    Lassiter v. Massachusetts Bay Transportation Authority, 23 WL 40510 (D. Mass. 2003).

Because the states were applying different statutes of limitations to civil rights actions as well as other federal actions without limitations periods, on December 1, 1990, Congress passed 28 U.S.C. §1658 ("§1658 "), a general statute of limitations applicable to all federal statutes *enacted* after that date. The statute provides in pertinent part: "Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of enactment of this section may not be commenced later than 4 years after the cause of action accrues."

In reviewing the statute and its applicability, the Supreme Court in R.R. Donnelley & Sons Co., 541, U.S. 369 (2004) had before it facts involving a §1981 claim, as amended by the Civil Rights Act of 1991. The question before the court was whether analogous state statutes of limitations applied to the situation or whether §1658 applied. Id at 381. The Court noted that although §1658 applies only to claims arising under statutes enacted after December 1, 1990, §1981 had been amended in 1991 and stated that ...[a] n amendment to an existing statute is no less an "Act of Congress" than a new, stand alone statute. Id at 381. However, the court also stated that it was insufficient to conclude that §1658 was applicable solely because the 1991 amendments were enacted after December 1, 1990. Rather, the court held that "...a cause of action arises under an Act of Congress enacted after December 1, 1990--and therefore is governed by the §1658 four year statute of limitations--if the plaintiff's claim against the

10

defendant *was made possible* by a post-1990 enactment." (Emphasis added). Id at 382.[10] The Court then analyzed whether the petitioner's cause of action arose, or "was made possible" under the 1991 amendments to the Civil Rights Act rather than §1981, as originally enacted. It determined that the cause of action would not have been actionable under §1981 as it was initially written, but was only actionable because of the content of the 1991 amendments to the Act, and concluded that the 4 year statute of limitations period §1658 applied.

Subsequent to the Supreme Court decision, a Maine District Court, reviewing statute of limitations claims involving hostile work environment, failure to promote and unequal pay, held that because the petitioner's claims would not have been viable under the original version of §1981, but were only "made possible" by the 1991 amendments then "…§1658's four-year statute of limitations must apply" rather than the statute of limitations of the forum state. <u>Lakshman v. University of Maine</u> <u>System,</u> 328 F. Supp. 2d. 92, 109 (D. Me. 2004)

Whether this Court applies the four year statute of limitations contained in §1658 or whether it applies the three year statute of limitations contained in G.L. c. 151B §9, Mosby's §1981 claims are time-barred because he filed suit on June 2, 2005, more than four years after March/early April 2001, when Mosby became aware that he did not receive the Maintenance Manager position he sought. Hence, all claims made pursuant to §1981 must be dismissed as a matter of law.

---

[10] Defendant found no Massachusetts cases analyzing the applicability of §1658 to a §1981 action.

11

C.    Any Claims by Plaintiff For Intentional Infliction of Emotional
Distress Are Pre-empted By the Massachusetts Workers'
Compensation Act, G.L. c. 152 et seq.

Although Mosby's complaint is not entirely clear with regard to his claim for emotional distress, to the extent that Mosby's is claiming intentional infliction of emotional distress, his claims are barred by the Massachusetts Worker's Compensation Act, G.L. c. 152 et seq.

In his complaint, Mosby asserts claims of emotional distress based on events alleged to have occurred in the course of his employment with MWRA (Complaint, ¶20). At paragraph 19 of the Complaint, plaintiff characterizes the defendant's actions as "intentional and were engaged in with malice or with reckless indifference..."

The Worker's Compensation Act, provides that it shall be the exclusive remedy for personal injuries arising out of employment, unless the employee reserves his right of action for such injuries; thus, an action for intentional infliction of emotional distress is barred without such a reservation of rights.[11] Chatham v. Gentle Dental Center, 973 F. Supp. 228 (1997;) Green v. Wyman Gordan Company, 422 Mass. 551, 558 (1996).

In Chatham, *supra*, where the petitioner filed a Title VII action, as well as other claims for personal injuries, including intentional infliction of emotional distress, the Court held that "...the exclusivity of the Act [the Worker's Compensation Act] provides that the Act shall be the exclusive remedy for personal injuries arising of employment,

---

[11] Mosby failed to preserve such right. Consequently, the claims made in his complaint asserting intentional infliction of emotional distress are pre-empted by the exclusivity provisions of the Massachusetts Workers' Compensation Act. See, Chaudhary v. Taco Bell Corp., 1995 Mass. Super Lexis 11 Dec. 1995.

unless at the time of forming the employment contract, the employee reserved his or her right of action for such injuries." 973 F. Supp at 239.   In addition, the court held that "...the Act not only covers claims for personal injuries stemming from negligence, but also claims for intentional tort committed in the course of the employment relationship."   Further, the court stated that, "[t] he Act not only bars claims against...the employer, but also against co-employees acting within the scope of their employment. Id. (citing Anzalone v. Massachusetts Bay Transportation Auth. 403 Mass. 119 (1988), supervisor who assigned co-employee to perform "menial and dirty jobs" was acting in the course of his employment).

Because the conduct described by Mosby in his complaint arises from his employment, any claim asserted by him alleging intentional infliction of emotional distress is pre-empted the Worker's Compensation Act and should be dismissed. Tennaro v. Ryder System, Inc., 832 F. Supp. 494, 500 (D. Mass. 1993).

CONCLUSION

For the foregoing reasons, the MWRA respectfully requests that this Honorable Court dismiss, with prejudice, all claims asserted under G.L. c. 151B, 42 U.S.C. § 1981, and for intentional infliction of emotional distress. In the alternative, should the Court choose to treat defendant's Motion as one for partial summary judgment pursuant to Fed. R. Civ. P. 56, defendant prays that the Court find that there is no genuine issue as to any material fact as to the matters raised herein, and that the MWRA is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Griggs – Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990).

13

Respectfully Submitted,

MASSACHUSETTS WATER
RESOURCES AUTHORITY,
Defendant

By its attorney,

John W. Bishop, Jr.
BBO# 043840
Associate General Counsel
Massachusetts Water Resources
 Authority
Charlestown Navy Yard
100 First Avenue
Boston, MA 02129
(617) 788-1115

Dated:  July 18, 2005

## CERTIFICATE OF SERVICE

I, John W. Bishop, Jr. hereby certify that on the 18th day of July 2005, I served the foregoing Memorandum of Law In Support Of Defendant's Motion To Dismiss Plaintiff's Complaint In Part Pursuant to Fed. R. Civ. P. 12(b)(6) or in the Alternative For Summary Judgment, by first class mail.

John W. Bishop, Jr.