UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES H. MOSBY, JR.,  )
    PLAINTIFF    )
                           )
Vs.                    ) Civil Action:
                           ) 05-11143 MLW
MASSACHUSETTS WATER     )
RESOURCES AUTHORITY,    )
    DEFENDANT    )

**AMENDED COMPLAINT AND
CLAIM FOR JURY TRIAL**

**PREAMBLE**

This is an action for damages and other relief arising out of the employment of Plaintiff Charles H. Mosby, Jr. by Defendant Massachusetts Water Resources Authority. The claims include age and race discrimination, and differences in the terms, conditions, and privileges of employment based on his race and color.

**JURISDICTION**

1. This Court has jurisdiction over this matter based upon 28 U.S.C. §1331 to adjudicate claims arising from federal law, and upon (Title VII) 42 U.S.C. §2000e, et. seq., and 29 U.S.C. §621 et seq. to adjudicate discrimination claims.

**PARTIES**

2. Charles H. Mosby, Jr. ("Plaintiff") is an individual and a resident of Boston, Suffolk County, Massachusetts.

3. Massachusetts Water Resources Authority ("Defendant" or "MWRA") is a body politic, a corporation and public

1

instrumentality which is an independent public authority organized and created by the laws of Massachusetts with its principal place of business at the Charlestown Navy Yard, 100 First Street, Boston, County of Suffolk, Massachusetts. At all times herein pertinent said Authority operated through its agents, servants, and employees.

## FACTS

4. The plaintiff was and is employed as an Area Maintenance Manager by the defendant at its Deer Island facility.

5. The plaintiff is a black, African-American whose date of birth is November 30, 1927 and falls within the various protected classes for purposes of claims for employment discrimination.

6. The plaintiff has been employed by the MWRA since July 1994 as an Area Manager, fulfilling all reasonable expectations of his employment.

7. On or about December 19, 2000, the defendant through its agents, servants, and employees posted a Job Vacancy Announcement for the position of Maintenance Manager at its Deer Island facility, a position superior to that of Area Manager.

8. In response to the above-mentioned Posting, the plaintiff submitted his application and resume, meeting all announced requirements for the position.

9. On information and belief, upon receipt of the plaintiff's application, the defendant changed the requirements for the position in an attempt to exclude the plaintiff. The new

requirements were deliberately and discriminatorily tailored to exclude the plaintiff. The defendant included requirements that were totally unrelated and unnecessary to the position.

10. That subsequent to his application and the change of the job requirements, the plaintiff was not given an interview for the position but was screened out by a Human Resources Manager on the basis of his application and resume alone.

11. On or about the end of March or early April 2000, the defendant announced that the position had been given to another candidate who was a male Caucasian believed to have been under 40 years of age. The plaintiff was as qualified or more qualified than the candidate selected. The selection of the candidate was, in part, based upon criteria not previously published and unknown to the plaintiff.

12. Upon inquiry by the plaintiff, the defendant offered a pretextural reason for his non-interview and non-selection all in an attempt to conceal the real discriminatory reason of age and race discrimination. The defendant retaliated once the plaintiff complained about his discriminatory treatment.

## CLAIMS FOR RELIEF

13. Plaintiff hereby realleges the allegations set forth in paragraphs 1 through 12 above, and incorporates them as if fully set forth herein.

14. Plaintiff has timely satisfied all prerequisites to lawsuit pursuant to age and racial discrimination and received his 90-day Permission to Sue Letter from the EEOC on or about March 8, 2005.

15. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of employment by altering the requirements for promotion, selecting on the basis of unpublished qualifications, retaliating against the plaintiff once he complained of the defendant's conduct, and excluding the plaintiff on the basis of age and race.

16. By the conduct described above, the defendant discriminated against the plaintiff because of his race, color and/or ethnicity in violation of Title VII of the Civil Rights Act of 1964 (Title VII) 42 U.S.C. S 2000., et seq., as amended by the Civil Rights Act of 1991.

17. By the conduct described above, the defendant discriminated against the plaintiff on the basis of his age in violation of 29 U.S.C. §622 et seq. (Age Discrimination in Employment Act (ADEA).

18. By the conduct described above, the defendant retaliated against the plaintiff because of his complaints of discrimination and/or his opposition to what he reasonably believed were discriminatory practices, in violation of Title VII, 42 U.S.C. §2000e, et seq.

19. The defendant's actions as described above were intentional and were engaged in with malice or with reckless indifference to the federally protected rights of the plaintiff.

20. As a result of the foregoing, the plaintiff has suffered and continues to suffer, a loss of employment, lost compensation, seniority and fringe benefits, and other rights, privileges, and conditions of employment, an interruption of his career and consequent loss of employment opportunities, pain and suffering, anxiety, humiliation and shame and other emotional distress.

21. On information and belief the stated reason for the defendant's conduct are pretextual, and the plaintiff's race, color and/or ethnicity, and age was a motivating factor.

WHEREFORE the Plaintiff demands judgment against the Defendant for damages including, but not limited to:

(1) Compensatory damages for loss of income and non-pecuniary losses;

(2) Punitive damages;

(3) Damages for emotional distress;

(4) Exemplary damages;

(5) Attorneys' fees, costs, and such other relief to which he is entitled and as this Court deems just and proper; and

(6) All other damages provided for by the within named statutes.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY OF ALL CLAIMS SO TRIABLE.

> Plaintiff,
> By His Attorneys,
> Keane, Klein & Duffey
> 
> *[signature]*
> James P. Keane BBO#262800
> Alice J. Klein BBO#274600
> One Church Court

5

Boston MA 02129
(617) 242-8383
E-mail address:
Keaneklein@aol.com

6