```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
CHARLES H. MOSBY, JR.,)
     PLAINTIFF        )
                      )
Vs.                   )         05-11143MLW
                      )
MASSACHUSETTS WATER   )
RESOURCES AUTHORITY,  )
     DEFENDANT        )
```

<u>MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND FURTHER ANSWER TO INTERROGATORY</u>

Now comes the plaintiff, by and through his attorneys, and in his Memorandum in Support of his Motion to Compel the Production of Documents and to Further Answer an Interrogatory, states as follows:

As background in this matter, the plaintiff brings this action for alleged age and racial discrimination in the promotion process by the defendant MWRA.

A. As part of his discovery, the plaintiff asked defendant through Request for Production and Interrogatories as follows:

**Request 6**

Any and all correspondence, notes, notices, memoranda, minutes and other documents, relating to any formal or informal grievance, complaint, or charge of discrimination asserted, internally or externally, against defendant from 1995 to the present concerning the following:

a. gender discrimination;

b. race discrimination;

c. discrimination based on color;

d. Discrimination based on national origin; and

e. age discrimination.

**Response**

Defendant objects to this Request as vague, ambiguous and overbroad, unduly burdensome, irrelevant and immaterial and not calculated to lead to the discovery of admissible evidence. Further, it seeks information that would be encompassed by the attorney-client privilege, mental impressions, conclusions, opinions or legal theories of counsel, attorney work product and/or materials prepared in anticipation of litigation.

**Interrogatory 6**

If, for the period January 1, 1990-present, any employee or applicant for employment has filed an internal complaint or a complaint in Court or with any federal or state agency alleging discrimination, please state:

    a. The name, title, and address of each employee or applicant who made such a complaint;

    b. The date of each complaint;

    c. A description of the complaint and its basis;

    d. A description of the investigation and resolution of each complaint;

    e.    The name, titles, and address of the person(s) responsible for resolving each complaint;

    f.    The current employment status of the person filing the complaint.

**Answer**

Defendant objects to this Request as vague, ambiguous and overbroad, unduly burdensome, irrelevant and immaterial and not calculated to lead to the discovery of admissible evidence.

B. The information requested in the Request for Production and Interrogatory is discoverable. The First Circuit has long have recognized that other complaints of discrimination or a discriminatory environment may be admissible at trial as circumstantial "evidence of a corporate state-of-mind or a discriminatory atmosphere." Conway v. Electro Switch Corp., 825 F.2d 593 (1st Cir. 1987). These complaints need not even "coincide precisely with the particular acts or timeframe involved in the specific events that generated a claim of discriminatory treatment." Id. "Proof of a general atmosphere of discrimination" may be "one indication that the reasons given for the employment action at issue were 'implicitly influenced' by the fact that the plaintiff was of a given race, age, sex, or religion." Id.

The defendant's objections to said discovery are based on what can best be described as evidentiary objections. It should be noted that the plaintiff is seeking discovery and the question of admissibility (relevancy and materiality) should await another day.  Further, the objection voiced on the Request for Production raised the attorney-client privilege and other attorney privileges but apparently the defendant waived this objection in its objection to the interrogatory.

C.  The plaintiff believes that the information sought may reflect on the corporate defendant's attitude towards equal employment concepts and enforcement.  It may also reveal where the MWRA's problems of discrimination may be systemic.

**Wherefore** the Plaintiff prays this Honorable Court to Enter an Order Compelling the Defendant to Produce Documents in accordance with Plaintiff's Request No. 6 and to further answer Plaintiff's Interrogatory No. 6.

                        Plaintiff,
                        By His Attorneys
                        Keane, Klein & Duffey

                        /s/ James P. Keane
                        James P. Keane BBO#262800
                        Alice J. Klein BBO#274600
                        One Church Court
                        Boston MA 02129
                        617-242-8383

CERTIFICATE OF SERVICE

I, James P. Keane, hereby certify that on the date set forth below, I served the foregoing, by first class mail postage prepaid, on defendant's counsel of record: John Bishop, Esq. and Cheryl Forzley Donohue, Esq., MWRA, Charlestown Navy Yard 100 First Avenue, Boston MA 02129.　　　/s/ James P. Keane
Dated: June 7, 2006　　　　　　　　　　　　　　　　　　　　　　James P. Keane

Case 1:05-cv-11143-MLW     Document 25     Filed 06/13/2006     Page 5 of 5