UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHARLES H. MOSBY, JR. | ) | |
| Plaintiff, | ) | C.A. No. 05 11143 MLW |
| | ) | |
| v. | ) | |
| | ) | |
| MASSACHUSETTS WATER | ) | |
| RESOURCES AUTHORITY, | ) | |
| Defendant. | ) | |

OPPOSITION OF THE MASSACHUSETTS WATER RESOURCES
TO THE PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND FURTHER ANSWER TO INTERROGATORY

Introduction

The Defendant Massachusetts Water Resources Authority ("MWRA" or "Defendant") opposes the motion of Plaintiff, Charles H. Mosby, Jr., ("Plaintiff") to compel MWRA to produce certain documents and to answer a certain interrogatory. MWRA respectfully requests that the motion be denied. In this age and race based discrimination claim, arising out of denial of a single promotional interview, plaintiff seeks documents and information concerning every discrimination claim, agency wide, for a period covering the past sixteen years, which would include discrimination claims arising at MWRA satellite facilities where plaintiff never worked, and involving MWRA managers with whom the plaintiff has had no involvement during his 12 year tenure at MWRA, all at its Deer Island facility. Plaintiff's discovery requests are over broad and unduly burdensome, and, read literally, would include all notes and other materials

which were prepared in anticipation of litigation and/or subject to the attorney-client privilege.

Background

Plaintiff is an African-American male, date of birth, November 30, 1927, who has alleged age and race discrimination because he failed to get a promotional job interview for a Maintenance Manager position at MWRA's Deer Island facility in Winthrop, where Plaintiff currently works as an Area Manager and has worked since July 11, 1994.

The Discovery Request in Dispute

On or about January 11, 2006, Plaintiff served Interrogatories and Production of Document Requests on Defendant. One Interrogatory and one Production of Document (No. 6) Request (No. 6) remain in dispute between the parties ("Discovery"). They are as follows:

Request No. 6

Any and all correspondence, notes, notices, memoranda, minutes and other documents relating to any formal or informal grievance, grievance or charge of discrimination asserted, internally or externally, against defendant from 1995 to the present concerning the following:

a. gender discrimination;
b. race discrimination;
c. discrimination based on color;
d. discrimination based on national origin; and
e. age discrimination.

MWRA's Response to No. 6 was as follows:

Response No. 6

Defendant objects to this request as vague, ambiguous, overbroad unduly burdensome, irrelevant and immaterial and not calculated to lead to the

2

discovery of admissible evidence.  Further, it seeks information that would be encompassed by attorney-client privilege, mental impressions, conclusions, opinions or legal theories of counsel, attorney work product and/or materials prepared in anticipation of litigation.

Plaintiff further requested the following information in his Interrogatories:

Interrogatory No. 6

If, for the period January 1, 1990-present, any employee or applicant for employment has filed an internal complaint in Court or with any federal or state agency alleging discrimination, please state:

a. The name, title and address of each employee or applicant who made such a complaint;
b. The date of each complaint;
c. A description of each complaint and its basis;
d. A description of the investigation and resolution of each complaint;
e. The names titles and addresses of the person(s) responsible for resolving the complaint;
f. The current employment status of the person filing the complaint.

MWRA's Response to No. 6 was as follows:

Defendant objects to this Request as vague, ambiguous, overbroad, unduly burdensome, irrelevant and immaterial and not calculated to lead to the discovery of admissible evidence.  *Further, it seeks information that would be encompassed by attorney client privilege, mental impressions, conclusions or opinions or legal theories of counsel, attorney work product and/or materials prepared in anticipation of litigation.*  (Emphasis added.[1])

The parties met on April 2, 2005 to discuss discovery issues, including the issues relating to Interrogatory No. 6 and Production of Document Request No. 6.  Although Defendant was unwilling to produce information spanning sixteen years worth of materials that Plaintiff requested for the reasons set forth herein, MWRA offered to

---

[1] Plaintiff alleges in his motion that MWRA's "…objection voiced on the Request for Production raised the attorney-client privilege and other attorney privileges but apparently the defendant waived this objection in its objection to the Interrogatory."  Although Plaintiff's reasons for commenting on the alleged waiver of the attorney client privilege is not readily apparent, Plaintiff has misread MWRA's response and is clearly wrong about the waiver.

3

produce documents and information of a more limited nature, i.e., regarding a shorter period of time and limited to age and race complaints arising at the Deer Island location where Plaintiff has worked for the past twelve years. Plaintiff refused Defendant's offer. Defendant made the offer again to Plaintiff in a letter, dated May 17, 2006. Plaintiff did not respond to the offer.

## ARGUMENT

**Plaintiff's discovery requests concerning prior claims of discrimination throughout MWRA is overbroad, unduly burdensome, seeks irrelevant material and privileged information.**

While a plaintiff may be entitled to some evidence of a pattern or practice of discrimination to prove his claims, such evidence lacks probative value if not contemporaneous with or related to his own claims of discrimination and, in particular, if it does not involve the same decision makers. *See* Pedraza v. Holiday Housewares, Inc., 203 F.R.D. 40 (D. Mass. 2001) (plaintiff's motion for leave to take twelve depositions denied where she seeks to show a "pattern or practice" of discrimination because the "…motion bespeaks of a possible fishing expedition into what appear to be largely irrelevant issues…" Id at 203 F.R.D. 40, 42).

In this case, Plaintiff's Discovery requests concern claims of discrimination made against MWRA for the past sixteen years, from January 1990 until the present.[2] Such a request is overbroad, unduly burdensome to Defendant and bears tenuous relevance

---

[2] The production of document request covers a span of eleven years; the information sought through interrogatories covers a span of sixteen years.

to Plaintiff's claims.[3]  Plaintiff's rationale for the Discovery request is that he is seeking information indicating a " 'corporate state-of mind or discriminatory atmosphere.' "  However, Plaintiff has made no claim of systemic discrimination or a pervasive discriminatory atmosphere at MWRA in his complaint.  Rather, despite having worked at MWRA for the past twelve years, the complaint alleges discrimination based solely on one instance: Plaintiff's failure to receive a job interview for a promotional position which he sought in December 2004.  When the allegations made are of such a discrete nature, Plaintiff "...ought not be permitted to use broadswords where scalpels will suffice, nor to undertake wholly exploratory operations in the vague hope that something helpful will turn up."   Mack v. The Great Atlantic and Pacific Tea Company, Inc., 871 F.2d 179, 187 (1st Cir, 1989).

Plaintiff's request for Discovery concerning every complaint, external or internal, formal or informal for the past sixteen years amounts to a fishing expedition being made at Defendant's expense and burden.  The time period for which Plaintiff seeks information is overly broad.   See e.g. Mack v. The Great Atlantic and Pacific Tea Company, Inc., 871 F.2d 179, 871 F. 2d. 179, 187 (1st Cir. 1989) (seeking through discovery data for a 4 year time period held overbroad); Burks v. Oklahoma Publishing Company, 81 F. 3d. 975, 981 (10th Cir. 1996) (discovery requests for "any

---

[3] Moreover, the information sought is so overreaching that when read literally, encompasses everything, including attorneys' notes and work product.

employees or applicants who have made age or sex discrimination complaints over the past ten years" held over burdensome and irrelevant).[4]

Moreover, the overbreadth of the Discovery requests places an undue burden on MWRA which has no centralized indexing system enabling it to retrieve, with reasonable convenience, the type and the dates of discrimination complaints that have been filed, especially with regard to its satellite offices.[5]  MWRA has had as many as 1800 employees, working at 12 facilities statewide, at any given time during the period for which Discovery has been requested, and the only way it could determine, with reasonable accuracy, the information requested would be to review all individual personnel records, including those that have been archived in MWRA's records storage facility, a time consuming and unduly burdensome task.

Plaintiff cites Conway v. Electric Switch Corp., 825 F.2d 593 (1st Cir. 1987) as supportive of his broad discovery requests, but the case is distinguishable from the present case.  In Conway, plaintiff brought suit for age and gender discrimination after her employment was terminated.  Defendant appealed a District Court judge's decision denying its motion in limine regarding two statements made by managers that defendant claimed were irrelevant because the employees played no role in the termination of plaintiff.  However, the court permitted the statements, concluding that the managers' statements were not too attenuated in time to plaintiff's termination

---

[4] Not all of the requested documents may still exist.  Pursuant to the public records law MGL 66, MWRA is required to keep its records for specified periods of time depending on the record.  MWRA has entered into retention schedules with the Records Conservation Board.  The exact nature of the record dictates the permissible retention schedule.

[5] The exceptions are grievances and formal complaints filed with Affirmative Action.

(merely ten to twenty-two months prior to plaintiff's termination) and that the managers making the statements were themselves arguably involved in the decision to terminate plaintiff. It should be further noted that both statements made by the managers were related directly to gender discrimination, the very basis of the plaintiff's lawsuit in that case; furthermore, and significantly, one of the statements made by a manager was directed at the plaintiff and related to her gender.

## Conclusion

For all of the foregoing reasons, MWRA respectfully requests that plaintiff's motion to compel be denied. The relevant scope of information of Plaintiff's discovery is, at best, complaints of race or age discrimination by managers at MWRA's Deer Island facility for a period of 5 years prior to December, 2004. If the Court is inclined to allow plaintiff's motion to compel, MWRA requests that the scope of the request be limited as described herein.

       Respectfully submitted,

       Massachusetts Water Resources
       Authority,
       Defendant

       By its attorneys,

       */s/ John W. Bishop, Jr.*
       John W. Bishop, Jr., BBO #043840
       Acting Associate General Counsel

       */s/ Cheryl Forzley Donohue*
       Cheryl Forzley Donohue, BBO #130300
       Senior Staff Counsel
       Massachusetts Water Resources
       Authority
       Charlestown Navy Yard
       100 First Avenue
       Boston, Massachusetts 02129
       (617) 788-4014

Dated: June 22, 2006

## CERTIFICATE OF SERVICE

    I, Cheryl Forzley Donohue., hereby certify that on this 22nd day of June, 2006, I served the Opposition of the Massachusetts Water Resources Authority to the Plaintiff's Motion to Compel Production of Documents and Further Answer to Interrogatory via ECF to the following:

    James P. Keane, Esq.
    Keane, Klein & Duffey
    One Church Court
    Boston, MA 02129

       */s/ Cheryl Forzley Donohue*
       Cheryl Forzley Donohue